UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK E. PHILLIPS and NEW DOT
CORPORATION,

                    Plaintiffs,

        v.

KYLEEN ELISABETH CANE, et al.,

                    Defendants.

CASE NO. C14-0343JLR

ORDER GRANTING MOTION
TO DISMISS

## I.    INTRODUCTION

Before the court is Defendants Amin and Afshan Lakha's motion to dismiss.

(Mot. (Dkt. # 23).)  Plaintiff Mark Phillips brings a civil cause of action against the

Lakhas under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18

U.S.C. §1964.  (*See* Compl. (Dkt. # 1).)  The Lakhas now ask to be dismissed from the

case.  (*See* Mot.)  The Lakhas argue that the statute of limitations for RICO's civil claims

provision has expired, and therefore, pursuant to Federal Rule of Civil Procedure

ORDER- 1

12(b)(6), Mr. Phillips has failed to state a claim upon which relief can be granted.  (*Id.* at 5-6.)  In response, Mr. Phillips claims that a later starting point for the statute of limitations that places his claims within the statutory period is appropriate.  (*See* Resp. (Dkt. # 32).)  The court has considered the motion, the parties' submissions filed in support of and opposition thereto, the balance of the record, and the applicable law. Being fully advised, the court GRANTS Defendants' motion to dismiss.

## II.    BACKGROUND

For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 663 (9th Cir. 1998).  Those facts, as alleged in Mr. Phillips' complaint, are as follows:

In 2005, Mr. Phillips co-founded POP Media (later renamed MOD Systems, Inc. ("MOD")).  (*See* Compl. ¶ 19.)  At the time of the company's conception, Mr. Phillips held the majority of MOD's shares.  (*Id.*)  MOD developed high-end technical software applications for data encryption.  (*Id.*)  In 2007, Mr. Phillips was introduced to Mr. Amin Lakha and Defendant Jan Wallace.  (*Id.* ¶ 20.)  Mr. Phillips believes Mr. Lakha and Ms. Wallace have had a business relationship since early 2000.  (*Id.* ¶ 24.)  Over the next several years, Mr. Phillips and Ms. Wallace formed their own business relationship, as well as a personal relationship.  (*Id.* ¶ 93.)  Mr. Phillips claims that over the course of their relationship, Ms. Wallace defrauded both MOD and Mr. Phillips with the assistance of Mr. Lakha and many others.  (*See id.*)

1    Mr. Phillips alleges that Mr. Lakha, Ms. Wallace, attorney Kyleen Cane, and other

2  co-defendants form a criminal group he refers to as "the Organization." (*See generally*

3  *id.*)  The Organization has allegedly been involved in defrauding numerous companies

4  through repeated schemes involving Ms. Wallace's supposed offshore bank accounts and

5  holding companies based in Bermuda.  (*See id.*)  Mr. Phillips contends that Mr. Lakha's

6  primary role in the Organization is providing financial backing to its fraudulent activities.

7  (*See id.* ¶ 41.)  Mr. Lakha allegedly participates as an owner and director of overseas

8  corporations affiliated with the co-defendants' organization and lends money to Ms.

9  Wallace to assist in furthering her criminal endeavors.  (*Id.* ¶ 42.)  In addition to

10 financially assisting the Organization, Mr. Lakha has allegedly threatened to have Mr.

11 Phillips killed on multiple occasions.  (*See id.* ¶¶ 43, 130.)

12    According to Mr. Phillips, the Organization ousted him from his leadership roles

13 as Chief Executive Officer and Chief Technology Officer at MOD through a series of

14 frauds, misrepresentations, and threats.  (*See id.*)  In addition, the Organization gained

15 control of his equity interests in the company.  (*See id.*)  Furthermore, Mr. Phillips

16 contends that the organization's actions ultimately brought about the complete

17 destruction of MOD, extinguishing all of Mr. Phillips' financial interest in the company

18 he founded, disrupting his annual salary, and destroying his interests in other companies.

19 (*Id.* ¶ 135.)  Mr. Phillips believes his damages to exceed $100,000,000.00.  (*Id.* ¶ 154.)

20

21

22

ORDER- 3

# III.   ANALYSIS

## A.   Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must assume that the pleading party's allegations are true and must draw all reasonable inferences in that party's favor. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Further, dismissal is proper on the ground that a claim is barred by the applicable statute of limitations if the running of the limitations period is apparent on the face of the complaint. *See Jones v. Block*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Morales v. City of L.A.*, 214 F.3d 1151, 1153 (9th Cir. 2000).

## B.   Four-Year Statute of Limitations for Civil RICO Claims

The applicable statute of limitations for civil RICO claims is four years. *See Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987). "As is sometimes the case with federal statutes, RICO does not provide an express statute of limitations for actions brought under its civil enforcement provision." *Id.* at 146. "In such situations we do not ordinarily assume that Congress intended that there be no time

1    limit on actions at all; rather, our task is to 'borrow' the most suitable statute or other rule

2    of timeliness from some other source." *Delcostello v. International Bhd. of Teamsters*,

3    462 U.S. 151, 158 (1983). In *Agency Holding*, the Court held that the four-year statute of

4    limitations of the Clayton Act, 15 U.S.C. §15, is the most suitable time limitation for civil

5    RICO claims. *See Agency Holding*, 483 U.S. at 150-51. The Court found numerous

6    similarities of structure and purpose between the two statutes, commenting that "even a

7    cursory comparison of the two statutes reveals that the civil action provision of RICO

8    was patterned after the Clayton Act." *Id.* at 150. Therefore, the applicable statute of

9    limitations for Mr. Phillips to file his RICO claims is four years. *Id.* at 150-51.

10   **C.     Ninth Circuit Legal Standard: "Injury Discovery" Rule**

11          The parties dispute when the statute of limitations began to run. However, the

12   dispute is settled by clear Ninth Circuit precedent. The Ninth Circuit has "continuously

13   followed the 'injury discovery' statute of limitations rule for civil RICO claims." *Pincay*

14   *v. Andrews*, 238 F.3d 1106, 1109 (9th Cir. 2001). Under this rule, "the civil RICO

15   limitations period begins to run when a plaintiff knows or should know of the injury that

16   underlies his cause of action." *Grimmet v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). The

17   plaintiff need not discover that the injury is part of a "pattern of racketeering" for the

18   period to begin to run. *Id.*

19          Following the "injury discovery" rule, the court concludes that the statute of

20   limitations for Mr. Phillips' claims began to run on February 12, 2010. Mr. Phillips

21   states in his complaint that, "Mr. Phillips, his attorney, and his financial expert, Mr.

22   Dennis Mandell, carefully examined the actions of the Organization and became so

1    concerned that he filed a 'Whistleblower Complaint' on or about February 12, 2010."

2    (Compl. ¶ 134.)  Mr. Phillips attached a copy of the February 12, 2010, complaint to his

3    complaint in this case.  The Whistleblower Complaint addresses the same injury and the

4    same core set of facts as his current complaint.  (*See* Compl. Ex. E at 34-40.)  For

5    example, the Whistleblower Complaint, signed by Mr. Mandell, discusses Ms. Wallace's

6    alleged offshore bank accounts, her alleged holding companies based in Bermuda, and

7    her alleged involvement in previously defrauding other companies.  (*See id.*)  The same

8    allegations are presented in Mr. Phillips' current complaint.  (*See* Compl.)  Furthermore,

9    the Whistleblower Complaint's Statement of Facts section ends, "Dennis Mandell, the

10   whistleblower in this action, discovered the above information through an investigation

11   of allegations of fraud associated with one of the companies Ms. Wallace appears to have

12   intended to use as part of one of her pump and dump schemes." (Compl. Ex. E at 4.)  In

13   the full context of the case, it is clear to the court that Mr. Mandell's statement refers to

14   the fraud investigation at MOD.  Thus, the Whistleblower Complaint and the meeting

15   between Mr. Phillips, his attorney, and Mr. Mandell, indicate that Mr. Phillips had actual

16   knowledge of Ms. Wallace's alleged scheme to defraud MOD at least as of February 12,

17   2010.  Upon Mr. Phillips' actual knowledge of his injury, the statute of limitations for his

18   civil RICO claims began to run.  Applying RICO's four-year statute of limitations for

19   civil claims, the last day for Mr. Phillips to timely file his complaint was February 12,

20   2014.  Mr. Phillips filed his complaint March 10, 2014, and therefore his claims are time-

21   barred.

22

ORDER- 6

1    Although the court finds that February 12, 2010, is the latest date at which the

2    statute of limitations can be deemed to begin running, other potential dates also indicate

3    that Mr. Phillips' claims are time-barred.  Mr. Phillips alleges that the Organization

4    forced him to resign as CEO of MOD.  (*See* Compl. at 5.)  Allegedly, Mr. Phillips'

5    resignation was coerced through threats that Ms. Wallace and Mr. Lakha had contracted

6    to have him killed and the spreading of false allegations against Mr. Phillips.  (*Id.* ¶ 130.)

7    Mr. Phillips signed a letter of resignation from his position as CEO of MOD on March

8    27, 2009.  *See Phillips v. Cane, et al.*, C13–596RSM, 2013 WL 4049047, at *3 (W.D.

9    Wash August 9, 2013).  According to Mr. Phillips' complaint, when he resigned as CEO

10   he was "almost simultaneously" fired as Chief Technology Officer in violation of the

11   Transition Agreement.  (Compl. ¶ 132.)  Therefore, injuries related to Mr. Phillips'

12   allegedly forced resignation were known to Mr. Phillips by March 27, 2009, the date he

13   signed his resignation letter.  The injuries related to his termination as Chief Technology

14   Officer in violation of the Transition Agreement were known to Mr. Phillips "almost

15   simultaneously" thereafter.  Following the "injury discovery" rule, Mr. Phillips' actual

16   knowledge of his injuries on March 27, 2009 places his current claims out of reach due to

17   the expiration of RICO's four-year statute of limitations for civil claims.

18   Also on March 27, 2009, Mr. Phillips signed a Voting Trust Agreement

19   designating Ms. Cane, one of the alleged co-conspirators of the Organization and long-

20   time affiliate of Ms. Wallace, as trustee of his equity interests in MOD.  *Phillips*, 2013

21   WL 4049047, at *3.  Mr. Phillips contends that Ms. Cane was biased in performing her

22   duties as trustee and allegedly wasted or misused approximately $11 million of

1    investment money.  (Compl. ¶ 132.)  According to Mr. Phillips' complaint, once Mr.

2    Phillips became aware of Ms. Cane's "obvious bias," he sought an order removing Ms.

3    Cane as trustee.  (*Id.*)  On or around November 12, 2009, a judge granted Mr. Phillips'

4    request to remove Ms. Cane as trustee of his equity interests in MOD.  (*Id.*)  Therefore,

5    Mr. Phillips knew of injuries related to Ms. Cane's alleged abuse of her role as trustee, at

6    the latest, by November 12, 2009.  This date would also place Mr. Phillips' claims

7    beyond the applicable four-year statute of limitations.

8            Finally, the court notes that Mr. Phillips' previous lawsuit alleging fraud against

9    many of the same defendants was dismissed due to those claims' applicable statutes of

10   limitations.  *See Phillips*, 2013 WL 4049047.  In Mr. Phillips' prior suit, Judge Martinez

11   found a March 4, 2010, letter by Mr. Phillips to be the proper start of the statute of

12   limitations accrual period.  *Id.* at *4.  Although the "injury discovery" rule is specific to

13   civil RICO claims, Judge Martinez's findings are applicable in this case as well.  In the

14   March 4, 2010, letter, Mr. Phillips outlined allegations of fraud against many of the

15   alleged members of the Organization, including Ms. Wallace and Mr. Lakha, and

16   described their roles in forcing Mr. Phillips out of his positions at MOD.  *Id.* at *5.  Like

17   Judge Martinez, the court is convinced that Mr. Phillips knew, or should have known,

18   about the fraudulent scheme by March 4, 2010, at the latest.  Even if this date were used

19   as the start date for the four-year statute of limitations, Mr. Phillips' civil RICO claims

20   would still be time-barred.

21

22

ORDER- 8

1  **D.    Mr. Phillips' Arguments and Alternative Rules**

2  Because Mr. Phillips has filed his claims *pro se*, the court has liberally construed

3  his pleadings.  *Edlridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme

4  Court has instructed the federal courts to liberally construe the 'inartful pleading' of *pro*

5  *se* litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).  Even

6  construing Mr. Phillips' complaint liberally, however, it appears to the court that his

7  arguments are insufficient to bring his claims within the statutory period.  First, Mr.

8  Phillips argues that he was unaware of facts that would support allegations against Mr.

9  Lakha until 2012, and that therefore his claims are not barred by the statute of limitations.

10  (Resp. at 2.)  Second, Mr. Phillips contends that the defendants' fraudulent activities

11  continued within the four-year period prior to filing his complaint.  (*See* Compl.)

12  However, the rules most compatible with Mr. Phillips' arguments have not only been

13  avoided by the Ninth Circuit, they have been rejected by the Supreme Court.

14  Mr. Phillips' first argument in response to the Lakhas' motion to dismiss is

15  somewhat akin to an argument under the "injury and pattern discovery" rule.  (*See* Resp.)

16  Despite alleging that Mr. Lakha indirectly threatened his life leading up to Mr. Phillips'

17  resignation as MOD's CEO in March 2009 (Compl. ¶ 130), Mr. Phillips argues that he

18  was not aware of facts that would support allegations against Mr. Lakha until 2012 (Resp.

19  at 2).  The "injury and pattern discovery" rule, previously followed by the Sixth, Eighth,

20  Tenth, and Eleventh Circuits, begins running RICO's statute of limitations period at the

21  time the plaintiff discovers, or is in a position to discover, the existence of a pattern of

22  racketeering in addition to the existence of the injury.  *See Caproni v. Prudential Sec.,*

1   *Inc.*, 15 F.3d 614, 619-20 (6th Cir. 1994); *Granite Falls Bank v. Henrikson*, 924 F.2d

2   150, 154 (8th Cir. 1991); *Bath v. Bushkin, Gairns, Gaines, & Jonas*, 913 F.2d 817, 820-

3   21 (10th Cir. 1990); *Bivens Gardens Office Bldg. v. Barnett Bank*, 906 F.2d 1546, 1554

4   (11th Cir. 1990).  Mr. Lakha's alleged role in the Organization could conceivably be

5   viewed as part of the pattern of racketeering activity alleged by Mr. Phillips.  However,

6   even if Mr. Phillips did not clearly recognize the extent of Mr. Lakha's involvement in

7   the alleged pattern of racketeering activity until some point in 2012, the "injury and

8   pattern discovery" rule is not applicable.  Unfortunately for Mr. Phillips, not only has the

9   Ninth Circuit followed the "injury discovery" rule exclusively, the United States Supreme

10  Court rejected  the "injury and pattern discovery" rule in *Rotella v. Wood*, 528 U.S. 549,

11  554 (2000).

12          Second, according to Mr. Phillips, numerous members of the Organization have

13  taken fraudulent actions that fall within the four-year statutory period.  For example, Mr.

14  Phillips alleges that in 2011, Ms. Wallace and Ms. Cane falsely testified against him at

15  his criminal trial and during a federal investigation within the four-year statute of

16  limitations.  (Compl. ¶¶ 112, 133.)  The "last predicate act" rule, previously followed by

17  the Third Circuit, begins running RICO's statute of limitations period at the time the

18  plaintiff knew or should have known of the last injury or the last predicate act which is

19  part of the same pattern of racketeering activity.  *See Keystone Ins. Co. v. Houghton*, 863

20  F.2d 1125, 1130 (3rd Cir. 1988).  Were the Ninth Circuit to follow the "last predicate act"

21  rule, Mr. Phillips' claims may be within the statute of limitations if any of the alleged

22  actions within the appropriate time period were also proper RICO predicate acts.

1  However, the Ninth Circuit has previously avoided the "last predicate act" rule, and the

2  United States Supreme Court rejected the rule in *Klehr v. A.O. Smith Corp.*, 521 U.S.

3  179, 187 (1997). "Since a pattern of predicate acts can continue indefinitely, with each

4  separated by as many as 10 years, that rule might have extended the limitations period to

5  many decades, and so beyond any limit that Congress could have contemplated."

6  *Rotella*, 528 U.S. at 554.

7  **E.      Equitable Tolling Does Not Apply**

8          The doctrine of equitable tolling does not apply to Mr. Phillips' failure to file his

9  claims in a timely manner.  In his response to the Lakhas' motion to dismiss, Mr. Phillips

10  mentions the doctrine of tolling.  (Resp. at 6.)  "A motion to dismiss based on the running

11  of the statute of limitations period may be granted only 'if the assertions of the complaint,

12  read with the required liberality, would not permit the plaintiff to prove that the statute

13  was tolled.'"  *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)

14  (quoting *Jablon v. Dean Witter Co.*, 614 F.2d 277, 282 (9th Cir. 1980)).  "[A] litigant

15  seeking equitable tolling bears the burden of establishing two elements:  (1) that he has

16  been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

17  his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Neither Mr. Phillips'

18  complaint, nor his response to the Lakhas' motion to dismiss assert any set of facts or

19  allegations that state, or from which one could infer, that the deadline passed despite his

20  diligent pursuit of judicial remedies or due some extraordinary circumstance that stood in

21  his way.  (*See* Compl.; Resp.)  Therefore, Mr. Phillips' assertions would not permit him

22  to prove that equitable tolling is proper.

ORDER- 11

**F.      Leave to Amend**

Ordinarily, on a motion to dismiss, the court should grant leave to amend the operative complaint.  However, because the claims the court has dismissed are barred by the applicable statute of limitations, any amendments would be futile.  *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008) ("[B]ecause [plaintiff's] claims are barred by the statute of limitations, any amendments would have been futile.") (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal . . . .")).  Accordingly, the court dismisses these claims with prejudice and without leave to amend.

## IV.      CONCLUSION

Based on the foregoing, the court GRANTS Defendants Amin and Afshan Lakha's motion to dismiss (Dkt. # 23).

Dated this 30th day of June, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 12